UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

          Plaintiff,

v.

CHARLES MITCHELL, *et al.*,

          Defendants.

CASE NO. C18-1810-RSM

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge. Dkt. #25. The Court has reviewed Plaintiff's complaint, Defendants' motion for summary judgment, the R&R, Plaintiff's objections thereto, and the remaining record. The Court agrees with the R&R that Defendants' motion for summary judgment should be granted, and that Plaintiff's complaint and this action should be dismissed with prejudice.

**I.    BACKGROUND**

Plaintiff Gabriel Eckard proceeds *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Snohomish County Jail ("SCJ") in Everett, Washington as a pretrial detainee. On September 4, 2018, Plaintiff was

ORDER DISMISSING ACTION
PAGE - 1

transferred from the Monroe Correctional Complex, managed by the Washington Department of Corrections ("DOC"), to the SCJ.  The Court adopts and incorporates by reference the factual background from the R&R describing Plaintiff's Felony Offender Reporting System ("FORS") report, his conduct during booking at the SCJ, and his conduct since his initial booking.  Dkt. #25 at 2-5.

Plaintiff filed this complaint on December 14, 2018 against four SCJ staff claiming that he was improperly sent to the Maximum Security module when he was booked at the SCJ.  Dkt. #5.  Plaintiff claims that his continued confinement in the module without a hearing for a rule violation violates his right to due process under the Fourth and Fourteenth Amendments of the U.S. Constitution.  *Id.* at ¶¶ 21-26.  On March 4, 2019, Defendants moved for summary judgment dismissal.  Dkt. #15.  The R&R recommended granting Defendants' motion, Dkt. #25, and Plaintiff's objections followed.  Dkt. #33.

## II. DISCUSSION

### A. Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id*.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B. Due Process Requirement

The Court finds that the R&R correctly determined that, as a matter of law, Plaintiff's

placement in the Maximum Security module and continued confinement do not constitute due process violations. Due process requires that a pretrial detainee "not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Punishment" in the constitutional sense requires that the restriction or condition imposed on the prisoner be imposed "for the purpose of punishment" as opposed to being "an incident of some other legitimate governmental purpose." *Id.* at 538. Absent a showing of expressed intent to punish by prison officials, Courts determine whether the condition is "punishment" based on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Id.* (citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963)).

Viewing the facts in a light most favorable to Plaintiff, Defendants have provided well-grounded, non-disciplinary reasons for why Plaintiff was placed in the Maximum Security module. In his objections, Plaintiff argues that he cannot be placed in the Maximum Security module without a rule violation and was therefore entitled to an adversarial hearing before being placed in the module. Dkt. #33 at 2-4 (citing *Mitchell v. Duprik*, 75 F.3d 517 (9th Cir. 1996)). However, the analysis in *Mitchell* is inapplicable to this case since the detainee was placed in a segregation unit for disciplinary reasons. *Id.* at 524.

Here, extensive evidence supported Plaintiff's classification as a maximum security inmate at the time of booking due to his threat to the safety and security of SCJ staff, to other inmates in the facility, and to himself. *See* Dkts. #17 at ¶¶ 3-5; #18 at ¶ 3-4; #19 at ¶¶ 2-3. Extensive evidence likewise supports his continued classification as a maximum security inmate based on his ongoing violent, aggressive and threatening behavior. *See* Dkt. #16, Exs. B-F. Defendants have therefore provided an alternative purpose for Plaintiff's retention in the Maximum Security module that is

ORDER DISMISSING ACTION
PAGE - 3

separate from punishment and reasonably related to a legitimate government purpose. Although Plaintiff maintains that the "purpose and effect" of the Maximum Security module is "punishment," Dkt. #35 at 1-2, he has not raised a genuine dispute of fact that Defendants placed him in the unit for safety and security reasons.

Plaintiff also objects to the R&R on the basis that his confinement in the segregation unit amounts to "punishment" because of his mental illness. Dkt. #33 at 4-12. As an initial issue, the remainder of Plaintiff's Objections totals ninety pages, including attachments, which vastly exceeds the three-page limit required by the R&R. *See* Dkt. #25 at 10. However, even if the Court considers the remaining pages, the issues raised therein are outside the scope of this case. Whether Plaintiff's isolated confinement constitutes "cruel and unusual punishment" because of his mental illness addresses the Eighth Amendment, as shown by Plaintiff's cited cases. *See, e.g.*, *Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995) (Isolation of certain prisoners with mental illnesses violates Eighth Amendment); *Jones "El v. Berse*, 164 F. Supp. 2d 1096, (W.D. Wis. 2001) (Discussing liability of prison officials under Eighth Amendment). Plaintiff's complaint alleges violation of due process rights under the Fourth and Fourteenth Amendments. *See* Dkt. #5 at ¶¶ 21-26. The Eighth Amendment issue is therefore beyond the scope of this case.

### III. CONCLUSION

Accordingly, having reviewed Plaintiff's civil rights complaint, the Report and Recommendation of Judge Peterson, and the remainder of the record, the Court hereby finds and ORDERS:

1) The Report and Recommendation, Dkt. #25, is APPROVED and ADOPTED.

2) Defendants' motion for summary judgment, Dkt. #15, is GRANTED.

3) Plaintiff's complaint, Dkt. #5, and this action are DISMISSED with prejudice.

ORDER DISMISSING ACTION
PAGE - 4

4) The Clerk shall send a copy of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Michelle L. Peterson.

DATED this 24 day of September 2019.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION
PAGE - 5