UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

    Plaintiff,

v.

CHARLES MITCHELL, *et al.*,

    Defendants.

CASE NO. C18-1810 RSM

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the Court on *pro se* Plaintiff Gabriel Eckard's Motion to Alter or Amend Judgment. Dkt. #38. On September 24, 2019, this Court granted Defendants' motion for summary judgment and dismissed Plaintiff's claims with prejudice. Dkt. #36. On October 2, 2019, Plaintiff moved to alter or amend the judgment on the basis that the Court committed manifest error in its decision. For the reasons stated below, the Court DENIES Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff, a pretrial detainee at the Snohomish County Jail ("SCJ") in Everett, Washington, filed this action on December 14, 2018 against four SCJ staff. Dkt. #5. Plaintiff claimed that his continued confinement in the Maximum Security module at the SJC violated his due process rights

ORDER DENYING PLAINTIFF'S MOTION TO
ALTER OR AMEND JUDGMENT
PAGE - 1

under the Fourth and Fourteenth Amendments of the U.S. Constitution since he never received a hearing for a rule violation. *Id.* at ¶¶ 21-26. On March 4, 2019, Defendants moved for summary judgment dismissal. Dkt. #15. The Honorable Michelle L. Peterson, U.S. Magistrate Judge, issued a Report and Recommendation ("R&R") on May 17, 2019, that recommended summary judgment dismissal of Plaintiff's claims. Dkt. #25. The R&R found no material dispute of fact that Plaintiff's placement and retention in the Maximum Security module was reasonably related to legitimate government objectives, including safety and security of Plaintiff, SJC staff, and other inmates, because of Plaintiff's threats to hurt himself, threats to hurt or kill staff members, and spreading of fecal matter and bodily fluids in and around his cell. *Id.* at 10.

In his Objections to the R&R, Plaintiff argued that his confinement constituted "cruel and unusual punishment" under the Eighth Amendment because of his mental health conditions. Dkt. #33 at 4-11, 13-90. On September 24, 2019, this Court approved the R&R and granted summary judgment dismissal of Plaintiff's claims. Dkt. #36. In response to Plaintiff's Objections, the Court noted that Plaintiff's filing totaled ninety pages and vastly exceeded the three-page limit required by the R&R. *Id.* at 4. The Court nevertheless reviewed Plaintiff's over-length brief and concluded that his arguments about mental health treatment and the Eighth Amendment were not properly before the Court. *Id.*

Plaintiff now moves to alter or amend the judgment. Dkt. #38.

## II. DISCUSSION

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the

motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Id.* Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Plaintiff does not present newly-discovered evidence or cite an intervening change in the controlling law. Instead, he argues that the Court committed manifest error in concluding that his Eighth Amendment claims were beyond the scope of this action. Plaintiff contends that his Eighth Amendment claims "*are* Due Process Fourteenth Amendment claims" pursuant to *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). Dkt. #38 at 2 (emphasis in original). For that reason, Plaintiff argues, he sufficiently pleaded "an Eighth Amendment-Fourteenth Amendment violation" when he pleaded violations of his due process rights. *Id.* (citing *Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991)). He also argues that he pleaded this Eighth Amendment claim "from the get-go" because his complaint referenced his mental illness. Dkt. #40 at 1; Dkt. #5 at ¶ 18 ("Plaintiff is seriously mentally ill and the conditions of his confinement only exacerbate his symptoms."); *id.* at ¶ 26 ("[T]he conditions of disciplinary segregation amount to punishment.").

The Court finds Plaintiff's arguments unavailing. While Plaintiff's *pro se* appearance requires that the Court construe his filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94

(2007), he has not demonstrated manifest error by the Court that would warrant the extraordinary remedy he requests. First, the cases he relies on are inapposite. In *Carnell*, the Ninth Circuit held that the Eighth Amendment is an appropriate benchmark for evaluating a pre-trial detainee's right to medical care. 74 F.3d at 979. In *Redman*, the court discussed a pre-trial detainee's right to personal security under the Fourteenth Amendment. 942 F.2d 1435. Neither case supports Plaintiff's contention that a claim under the Eighth Amendment's "cruel and unusual" punishment clause is sufficiently pleaded in a complaint that only asserts violations of due process rights for confinement in a maximum security module without a hearing on a rule violation. *See* Dkt. #5 at ¶¶ 20-26 (alleging Fourth and Fourteenth Amendment violations).

Moreover, Plaintiff's references to mental illness in his complaint do not raise triable issues of fact necessary to survive summary judgment. Under Plaintiff's theory, the Court erred in failing to identify a triable issue based on unsupported statements in his pleadings. Dkt. #40 at 3. Plaintiff specifically contends "[t]here is no rule that requires a plaintiff in a suit to guide a judge to the triable issues of fact in a civil action, nor is a plaintiff responsible for a judge's error in failing to identify such triable issues." *Id.* Plaintiff is incorrect. As the party opposing summary judgment, Plaintiff was indeed required to identify triable issues in his response. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (party opposing summary judgment must direct court to specific triable facts). He failed to do so. Instead, Plaintiff's response only discussed whether he posed a security threat. *See, e.g.*, Dkt. #21 at 6 ("Plaintiff Eckard's prison behavior does not include alleged incidents of assault, fights, drugs or thefts . . . since being booked into the jail, Plaintiff has not attempted any assaults on jail staff or other inmates."). For that reason, both parties' briefing failed to address the legal question Plaintiff

now claims the Court overlooked: Whether, under the Eighth Amendment, Plaintiff's alleged mental health issues outweigh or mitigate Defendants' legitimate safety and security reasons for placing Plaintiff in the Maximum Security module. Accordingly, the Court finds no manifest error in its determination that Plaintiff's Eighth Amendment argument was not properly before the Court.

Finally, Plaintiff argues that the Court must amend its judgment because Plaintiff had no access to discovery prior to the close of briefing. Dkt. #40 at 11 (citing Fed. R. Civ. P. 56(f)). As an initial matter, this argument is untimely. *Tile Tech, Inc. v. Appian Way Sales, Inc.*, C17-1660JLR, 2018 WL 2113958, at *4 (W.D. Wash. May 8, 2018) ("A district court cannot consider arguments raised for the first time in a reply brief.") (internal citations omitted). Moreover, a Rule 56 declaration must be submitted before the Court has ruled. *See* Fed. R. Civ. P. 56(d). Granting Plaintiff's request at this stage would undermine both the purpose of Rule 56 and judicial economy. *See Ross v. F/V MELANIE*, C95-654Z, 1996 WL 521413, at *1 (W.D. Wash. Aug. 8, 1996) (Denying motion to amend judgment where plaintiff failed to submit affidavit under Fed. R. Civ. P. 56 before Court issued adverse ruling).

For the reasons set forth above, the Court finds no manifest error in its earlier ruling that warrants the extraordinary remedy sought by Plaintiff. Accordingly, the Court finds and ORDERS that Plaintiff's Motion to Amend Judgment (Dkt. #38) is DENIED.

DATED this 8th day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE